JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App. R. 11.1 and Local App. R. 11.1.
 {¶ 2} In these consolidated appeals, defendants-appellants, Jade and Jarod Smith, appeal the sentences imposed following their guilty pleas for felonious assault. For the reasons set forth below, we affirm.
 {¶ 3} On February 25, 2008, in Case No. CR-502283-A, Jarod Smith pled guilty to one count of felonious assault. Likewise, on that same date, in Case No. CR-502283-B, Jade Smith pled guilty to a single count of felonious assault. On March 31, 2008, at separate sentencing hearings, the trial court sentenced Jarod and Jade each to six years imprisonment.
 {¶ 4} Both Jade and Jarod now appeal their sentences and present a single assignment of error for our review. Their sole assignment of error states:
 {¶ 5} "The trial court committed reversible error by failing to set forth on the record the findings required by section 2929.14(B) of the Revised Code that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from the future crime by the offender or others when it sentenced each of the appellants to a term of incarceration of six years for a second degree felony which has a minimum term of two years although neither had previously served or was serving a prison term."
 {¶ 6} Within this assignment of error, appellants argue that the trial court failed to meet the requirements in R.C. 2929.14(B) that the "[s]hortest prison term will demean the seriousness of the offender's conduct or will not adequately protect *Page 4 
the public from future crime by the offender or others."
 {¶ 7} In 2006, the Supreme Court of Ohio in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, declared unconstitutional and severed those provisions of Ohio's felony sentencing statutes requiring "judicial fact-finding" before imposing a more than minimum, maximum, or consecutive sentences. Id. at paragraphs one and three of the syllabus (declaring R.C. 2929.14(B), (C), and (E)(4) unconstitutional). TheFoster Court further held that, "[a]fter the severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant" and "before imposition of consecutive prison terms." Id. at paragraphs two and three of the syllabus. Therefore, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 8} Thus, the trial court is no longer required to meet the mandates of R.C. 2929.14(B). Appellant's argument in this regard is without merit. Nevertheless, we will review appellants' sentences pursuant to the Supreme Court of Ohio's recent decision in State v. Kalish, Slip Opinion No. 2008-Ohio-4912, in which the Court articulated a two-step approach to reviewing felony sentences. The Court stated:
 {¶ 9} "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether *Page 5 
the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Kalish, supra at _4.[1]
 {¶ 10} In the instant matter, we find that the trial court complied with all applicable rules and statutes in imposing appellants' sentences, and thus, the sentences were not contrary to law. The trial court sentenced appellants within the statutory ranges provided by R.C. 2929.14. More specifically, appellants were sentenced to six years imprisonment for the felonious assault convictions, second-degree felonies. These six-year sentences fell within the range of prison sentences for second-degree felonies of two to eight years.
 {¶ 11} Additionally, the trial court considered the principles and purposes of sentencing as required by R.C. 2929.11 and 2929.12 prior to imposing appellants' sentences. Initially we note that "where the trial court does not put on the record its consideration of R.C. 2929.11 and2929.12, it is presumed that the trial court gave proper consideration to those statutes." Kalish, supra at fn.4. Nevertheless, in both Jade and Jarod's judgment entries, the trial court expressly noted that it "considered all required factors of law. The court finds that prison is consistent with the purpose of R.C. 2929.11."
 {¶ 12} Moreover, the trial court properly applied postrelease control in both *Page 6 
cases. Accordingly, appellants' sentences were not clearly and convincingly contrary to law.
 {¶ 13} We next consider whether the trial court abused its discretion in sentencing appellant within the permissible range. A review of both Jade and Jarod's sentencing transcripts indicates that the trial court gave careful consideration to the overriding principles and purposes of sentencing. At both Jade's and Jarod's sentencing hearings, the trial court observed that, while appellants did not have an adult criminal record due to their young age, Jade did have an extensive juvenile history and Jarod had committed numerous violent crimes as a juvenile. The trial court also reiterated the facts of the incident, noting the purpose and planning of the crime, as well as the complete lack of regard for human life. The trial court also stated its concern for appellants' failure to take responsibility for the crime.
 {¶ 14} After reviewing the record, we conclude that, in both cases, the trial court did not abuse its discretion in sentencing appellants each to six-year prison sentences. Accordingly, appellants' sentences were properly imposed and their sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendants' convictions having been affirmed, any bail pending appeal is terminated. Case *Page 7 
remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] We recognize Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court is split over whether we review sentences under an abuse-of-discretion standard in some instances. *Page 1